[Cite as *State v. Mathis*, 2022-Ohio-4020.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-21-1249

     Appellee                                     Trial Court No.  CR0202002568

v.

Robert Mathis                                    **DECISION AND JUDGMENT**

     Appellant                                    Decided:  November 10, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Robert Mathis, appeals the December 8, 2021 judgment of the

Lucas County Court of Common Pleas sentencing him to 24 months in prison.  For the

following reasons, we affirm.

## I. Background and Facts

{¶ 2} In December 2020, Mathis and four codefendants were indicted on five counts of aggravated riot in violation of R.C. 2917.02(A)(2) and (B)(2), each a third-degree felony. Two of the codefendants were also charged with two counts of first-degree misdemeanor assault apiece.

{¶ 3} Mathis and the state reached an agreement under which Mathis would plead guilty to one count of aggravated riot in exchange for the state dismissing the remaining charges against him at sentencing and recommending that the sentence be served concurrently with the sentence Mathis was serving in a 2017 case. The trial court explained to Mathis that "[t]he court is not bound by [the state's] recommendation and will sentence [Mathis] as it sees fit." Mathis said that he understood.

{¶ 4} After conducting a thorough plea colloquy, the trial court accepted Mathis's plea and found him guilty of aggravated riot. The court ordered a presentence investigation report ("PSI") and scheduled the matter for sentencing.

{¶ 5} At the sentencing hearing, by way of mitigation, Mathis's attorney explained that Mathis's conviction stemmed from

> a situation in the jail which originally involved three different detainees. It was [Mathis's] impression that the correction officers were sort of blaming or going after the incorrect party and intervened. Thankfully there were no serious injuries for these officers. * * * [In the

2.

PSI, Mathis] took responsibility. He offered his apology. * * * He recognized he should have not intervened.

Counsel also requested that the court impose the sentence in this case concurrently with the sentence that Mathis was serving in the 2017 case.

{¶ 6} Before imposing sentence, the trial court reviewed some pertinent information from Mathis's PSI:

> [Mathis] is before this court facing sentencing on his ninth adult felony conviction. He has 21 adult misdemeanor convictions. An [Ohio Risk Assessment System] assessment determined that [Mathis] does pose a high risk of reoffending. Should be noted that [Mathis] has an extensive criminal history and history of violent behavior including convictions for both domestic violence and involuntary manslaughter. Due to [Mathis's] participation in this jailhouse riot multiple correction officers were injured. The court did take that into consideration when fashioning an appropriate sentence in this matter.

The court then sentenced Mathis to 24 months in prison for the aggravated riot conviction.

{¶ 7} The court ordered that Mathis serve this prison term consecutively to the sentence that he was serving in the 2017 case. To support its imposition of consecutive sentences, the trial court determined that

3.

consecutive sentences are necessary to protect the public from future crime or to punish [Mathis] and not disproportionate to the seriousness of [Mathis's] conduct or the danger [Mathis] poses to the public. The court further finds [Mathis] was awaiting trial or sentencing and that specifically [Mathis] was in custody in [the 2017 case] when this offense was committed. And that [Mathis's] criminal history requires consecutive sentences.

{¶ 8} In its December 8, 2021 sentencing entry, the trial court repeated its reasons for imposing a consecutive sentence:

> The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish [Mathis], and not disproportionate to the seriousness of [Mathis's] conduct or the danger [Mathis] poses, the Court further finds the offense [Mathis] was in custody in [the 2017 case] when this offense was committed and [Mathis's] criminal history requires consecutive sentences [sic].

{¶ 9} Mathis now appeals, raising one assignment of error:

> The Trial Court abused its discretion in sentencing Mathis to consecutive sentences when his conduct, compared with his co-defendants, was not as serious and those co-defendant's [sic] received concurrent sentences[.]

## II. Law and Analysis

{¶ 10} In his assignment of error, Mathis argues that the record does not support the trial court's imposition of consecutive sentences. He contends that the court improperly ordered him to serve his sentence in this case consecutively to the sentence in the 2017 case because his involvement in the jail fight that led to the aggravated riot charges "was less serious than his co-defendants [sic]. Imposing consecutive sentences to him and him alone was disproportionate when compared with his conduct."

{¶ 11} The state responds that (1) the trial court made all of the findings required by R.C. 2929.14(C) on the record and in its sentencing entry; (2) Mathis was charged with the same felonies as all of his codefendants; (3) the record does not contain any factual information about Mathis's or his codefendants' conduct during the jail fight, so there is no way to know who was more—or less—culpable for the fight; and (4) the record does not contain any information about the codefendants' criminal histories, but does contain Mathis's extensive criminal history, which the trial court relied on as part of its basis for imposing the consecutive sentence.

{¶ 12} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings
>
> under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

5.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 13} Because Mathis challenges the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4), R.C. 2953.08(G)(2)(a) applies. To modify or vacate consecutive sentences under R.C. 2953.08(G)(2)(a), we must clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

{¶ 14} Before imposing consecutive sentences, a trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a) to (c) applies. R.C. 2929.14(C)(4); *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252. As relevant here, R.C. 2929.14(C)(4)(a) and (c) permit the trial court to impose consecutive sentences if the defendant committed at least one of the offenses while he was awaiting trial or sentencing, under felony community control sanctions, or on postrelease control; or the defendant's criminal history shows that consecutive sentences are necessary to protect the public from future crime by the defendant.

6.

{¶ 15} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The trial court is not required to state the reasons behind its findings, however. *Id.*

{¶ 16} The trial court made all three findings at both the sentencing hearing and in the judgment entry. It found that consecutive sentences are necessary to protect the public or to punish Mathis, consecutive sentences are not disproportionate to the seriousness of Mathis's conduct or to the danger that he poses to the public, and both R.C. 2929.14(C)(4)(a) and (c) applied.

{¶ 17} On appeal, Mathis claims that consecutive sentences are not supported by the record because his "conduct in this prison fight was less serious than * * *" his codefendants' conduct, the consecutive sentences "cannot be explained by [Mathis's] conduct during the riot[,]" and he "was less culpable and caused less harm to the deputies." We disagree with Mathis for two reasons.

{¶ 18} First, the record simply does not contain sufficient information for us to clearly and convincingly find that the imposition of consecutive sentences is disproportionate to the seriousness of Mathis's conduct. The state did not provide any factual information about the offense at either the plea or sentencing hearing, the explanation of the fight in the PSI is short and lacks details, and none of the factual information from any of the codefendants' cases is in the portions of the record that are

7.

before us in this appeal. Without more information, we cannot make the factual determination that Mathis is asking us to make.

{¶ 19} Second, to the extent that Mathis is arguing that his behavior during the jail fight was less egregious than his codefendants', the "proportionality analysis [required by R.C. 2929.14(C)(4)] 'does not occur in a vacuum, but, instead, focuses upon the defendant's current conduct and whether this conduct, *in conjunction with* the defendant's past conduct, allows a finding that consecutive service is not disproportionate.'" (Emphasis added.) *State v. Kelly*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 80, quoting *State v. Crim*, 2d Dist. Clark No. 2018-CA-38, 2018-Ohio-4996, ¶ 11. Mathis's "'current conduct'" that the trial court had to consider was his involvement in some capacity—albeit apparently not as one of the primary aggressors—in a jail fight that involved four other inmates and injured three deputies. When the court looked at the fight *combined with* Mathis's past violent conduct—including convictions of domestic violence and involuntary manslaughter, among many other criminal convictions—the court concluded that consecutive sentences were not disproportionate to the seriousness of Mathis's conduct and the danger he poses to the public. Based on this information, we cannot say that the trial court's proportionality analysis is clearly and convincingly unsupported by the record.

{¶ 20} Because the trial court made the findings required by R.C. 2929.14(C)(4) and Mathis has failed to show by clear and convincing evidence that the trial court's

8.

findings are not supported by the record, we find that the trial court properly imposed consecutive sentences. Mathis's assignment of error is not well-taken.

### III. Conclusion

{¶ 21} Based on the foregoing, the December 8, 2021 judgment of the Lucas County Court of Common Pleas is affirmed. Mathis is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.